IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DE TECHNOLOGIES, INC. § § § Plaintiff, § § v. § § E4X, Inc.; Fiftyone, Inc.; § § IShopUSA, Inc.; and § § International Checkout, Inc. § § § Defendants. § | CAUSE NO. 2:10-139 **JURY TRIAL DEMANDED** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, and for its Complaint against Defendants, states and alleges as follows:

### THE PARTIES

1. Plaintiff, DE Technologies, Inc. ("DE Technologies") is incorporated in the State of Delaware, and has a place of business at 1715 Pratt Drive, Suite 3500, Blacksburg, Virginia 24064.

2. Defendant, E4X, Inc. ("E4X"), is incorporated in the State of Delaware with its principal place of business at 55 W. 39th St., 18th Floor, New York, NY 10018.

3. Defendant Fiftyone, Inc. ("Fiftyone") is incorporated in the State of Delaware with its principal place of business at 55 W. 39th St., 18th Floor, New York, NY 10018.

4. Defendant IShopUSA, Inc. ("IShopUSA") is incorporated in the State of California with a principal place of business at 101 Continental Blvd., Suite 1673, El Segundo, California 90245.

5. Defendant International Checkout, Inc. ("International Checkout") is incorporated in the State of Delaware and has a principal place of business at 7950 Woodley Avenue, Unit C, Van Nuys, California 91406.

## JURISDICTION AND VENUE

6. This is an action for violation of the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) in that the Defendants do business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling Plaintiff to relief.

## GENERAL ALLEGATIONS

### DE Technologies Development of the Technology

7. DE Technologies was established in March 2001 when the former DE Technologies LLC was incorporated. DE Technologies LLC was formed to consolidate the separate operations of Universal Shopping Service, Inc. (controlled by Edward Pool) and Biznet Technologies (owned by Douglas Mauer).

8. DE Technologies was established to develop, test, and later sell to large corporations, Small and Medium-Size Enterprises (SMEs), the United States Government, and

general consumers a computer system to conduct international commercial transactions for the selling and purchase of goods over the Internet, Intranet, and other computer-to-computer systems. This development and testing took place primarily in Blacksburg and Union Hall, Virginia.

9. DE Technologies filed a provisional patent application with the United States Patent and Trademark Office ("PTO"), which like U.S. Patent No. 6,460,020 (the patent-in-suit or the "'020 Patent", a copy of which is attached hereto as Exhibit A), was entitled "Universal Shopping Center for International Operation," U.S. Patent Application No. 60/033,984 on December 30, 1996.

10. On December 29, 1997, DE Technologies filed a non-provisional patent application with the PTO claiming priority to U.S. Patent Application No. 60/033,984 (the DE Technologies Application). The DE Technologies Application was assigned Serial No. 08/999,297, was entitled "Universal Shopping Center for International Operation," and named Pool and Mauer as inventors.

11. The inventors, Pool and Mauer, assigned their rights in the DE Technologies Application to DE Technologies.

12. Between 1996 and 2000 DE Technologies, as assignee of the technology described in the DE Technologies Application, created a proof of concept and integration testing site on the Internet under the name "Ushop," "BOES," and "ECBS". From 1997 to present these proof of concept and integration testing sites, as well as DE Technologies own website were accessed by numerous individuals, corporations and governmental authorities interested in performing international commercial transactions over the Internet or Intranet for themselves or their clients.

13. In 1998, DE Technologies was awarded a United States Department of Commerce contract, Task Order No. 2051-056-001, to be administered by the LEADS Corporation. DE Technologies was to supply an international e-commerce pilot system to the United States Foreign Commercial Service for its SME community (exceeding 10,000 companies). The pilot system was to be based on the technology described in the DE Technologies Application. In addition to developing the pilot system, DE Technologies was required to, and did conduct educational seminars for the Field Trade Specialists employed by the U.S. Foreign Commercial Service.

14. DE Technologies has been recognized for developing its technology for processing sales globally using the Internet. DE Technologies pioneered software implementing procedures for the preparation and filing of export/import documents, freight, insurance, titles, letters of credit, proforma invoices, commercial invoices, customs invoices, bills of lading and the multiple points of sale inherent to international transactions    .

15. DE Technologies' development of its invention and successful efforts to obtain the '020 Patent have been subject to domestic and international media coverage, including the June 28, 2000 issue of Business Week Online, August 28, 2000 issue of the Wall Street Journal, October 7, 2002 issue of the Potomac Tech Journal, and the July 9, 2000 issue of The Roanoke Times.

16. On June 6, 2000, DE Technologies issued a press release regarding the original decision by the PTO to issue a patent on the DE Technologies Application, stating, among other things, the technology "will enable any size business to import and export products from any foreign country using the Internet."

17. The intellectual property law community also recognized the potential significance of the DE Technologies Application at the time it was originally decided by the PTO that a patent would issue. In the November 2000 issue of Intellectual Property Today, a publication widely read by intellectual property lawyers, the question was asked, "Who will own the next "blockbuster patent" covering an e-commerce business model?"  The answer -- "DE Technologies may join Priceline.com and Amazon.com in the biz model "Patent Hall of Fame."

18. After DE Technologies' development efforts, large software companies and middleware suppliers began modifying business organization or Enterprise Resource Planning (ERP) software utilizing the Internet and Intranets to complete international commercial transactions. These third party activities mimicked the functionality of the Ushop website, the Borderless Order Entry System (BOES) and the Electronic Commerce Backbone System (ECBS) technology described in the published DE Technologies Application.

19. After DE Technologies' development effort, the Defendants began to utilize the Internet for international commercial transactions using backend and middleware software indiscernible to the ultimate purchaser.

### The PTO Examinations of the DE Technologies Application

20. On May 17, 2000 the PTO issued a Notice of Allowance for the DE Technologies Application. DE Technologies paid the issue fee and the application was sent to the PTO Publication Branch where it was placed in the printing cue with a prospective issue date of September l3, 2000.

21. The DE Technologies Application successfully underwent a special examination review in accordance with a new policy directive of the PTO Director Q. Todd Dickinson. This

March 2000 directive made mandatory that all business method patent applications undergo a Quality Assurance Review (QAR) by a highly experienced group of patent examiners.

22. On August 28, 2000 the Wall Street Journal published a major front page print article entitled, "A Billion-Dollar Patent?" Following the publication of this article, the PTO withdrew the previously issued May 17, 2000 Notice of Allowance. The PTO assigned the DE Technologies Application to a new technical Art Unit with the specific responsibility of examining business method inventions. As such, a new patent examiner and supervisory patent examiner undertook the examination of the DE Technologies Application. Starting anew and without being bound by the earlier examiners' decisions, they conducted numerous prior art searches and interviews with DE Technologies.

23. Intimately involved in this second examination of the DE Technologies Application was Art Unit Group Director, John Love, and Supervisory Patent Examiner, Vincent Millin. After satisfying all of these PTO examiners, the DE Technologies Application merited allowance, and the application was sent again for the special Quality Assurance Review (QAR) where the primary examiners' decision to allow the DE Technologies Application to issue as a patent was affirmed. Once this review was concluded the results of the QAR review were again reviewed by the Deputy Commissioner for Patent Examination Policy, Stephen G. Kunin. This second examination and review took nearly two years (October 2000 through September 2002).

24. Nearly 6 years after filing its first patent application and undergoing one of the most rigorous reviews ever documented in the PTO, DE Technologies was issued the '020 Patent on October 1, 2002.

**The Defendants' Infringing Activities**

25. E4X and Fiftyone work in conjunction to provide their clients a comprehensive full-service international e-commerce platform. The infringing services provided by E4X and Fiftyone allow their clients to extend the e-commerce operations of these merchants into global markets. The E4X/Fiftyone platform manages landed cost calculations, customs clearance, end delivery, and international trade compliance. This allows customers to place international orders while receiving a guaranteed order total for their international order, including all customs tariffs, taxes and international shipping charges.

26. E4X and Fiftyone provide international e-commerce services (including services spanning automated multi-currency merchandising, international payment processing, landed cost calculation, logistics and customs clearance facilitation, and international returns management). for a large number of retailers in including Cabela's, Anthropologie, Under Armour, Sears, drugstore.com, overstock.com and many, many others.

27. E4X and Fiftyone have infringed and continue to infringe the '020 Patent by the manufacture, use, sale and/or offer for sale of their international e-commerce platform products and services. E4X and Fiftyone also contribute to and induce others to manufacture, use, sell, import, and/or offer for sale products and services that infringe the '020 Patent. E4X and Fiftyone are liable for their infringement of the '020 patent pursuant to 35 U.S.C. § 271.

28. E4X and Fiftyone have violated and continue to violate 35 U.S.C. § 271 (a), (b), (c), and (f). Specifically, E4X and Fiftyone have continued to make, use, sell, and offer to sell products and services that infringe the claims of the '020 Patent. E4X and Fiftyone also continue to contribute to and induce infringement by others, without a license under the '020 Patent.

29.     The infringing acts of E4X and Fiftyone are irreparably harming and causing damage to DE Technologies.

30.     IShopUSA offers an integrated solution for Internet retailers that allows customers to purchase and ship products from U.S.-based retailers to international addresses. IShopUSA's products and services include international shipping, landed cost calculation, price quotes in the consumer's home currency, and export and import compliance and documentation. Functionally, when a customer makes a purchase through IShopUSA, the ordered products are shipped from the U.S. retailer to IShopUSA's facility in California.  From there, IShopUSA prepares the items for shipment outside the United States, including preparing all the necessary electronic submissions and paperwork for international delivery.

31.     IShopUSA has infringed and continues to infringe the '020 Patent by its manufacture, use, sale and/or offer for sale of IShopUSA's international e-commerce solutions for eRetailers products and services.  IShopUSA also contributes to and induces others to manufacture, use, sell, import, and/or offer for sale products and services that infringe the '020 Patent.  IShopUSA is liable for its infringement of the '020 Patent pursuant to 35 U.S.C. § 271.

32.     IShopUSA has violated and continues to violate 35 U.S.C. § 271 (a), (b), (c), and (f).  Specifically, IShopUSA has continued to make, use, sell, and offer to sell products that infringe the claims of the '020 Patent.  IShopUSA also continues to contribute to and induce infringement by others, without a license under the '020 Patent.

33.     IShopUSA's acts of infringement are irreparably harming and causing damage to DE Technologies.

34.     International Checkout offers an integrated international e-commerce solution enables consumers worldwide to browse and add items to the shopping cart directly on the

merchant's website. With the click of an "International Checkout" button, the contents of the cart are seamlessly transferred to the AJAX-driven single page checkout for the most streamlined level of performance and maximum conversion rate. Customers receive real time price quotes in their local currency and the option to include duties and taxes at a guaranteed rate.  The International Checkout purchasing team places orders on behalf of the international customers directly on the merchant's website, following the merchant's normal domestic checkout procedures and paying via US credit card. Upon arrival at the International Checkout facility, each order is inspected, packed, and shipped to the customer's doorstep anywhere in the world.

35. International Checkout has infringed and continues to infringe the '020 Patent by its manufacture, use, sale and/or offer for sale of International Checkout's international e-commerce solution products and services.  International Checkout also contributes to and induces others to manufacture, use, sell, import, and/or offer for sale products and services that infringe the '020 Patent.  International Checkout is liable for its infringement of the '020 Patent pursuant to 35 U.S.C. § 271.

36. International Checkout has violated and continues to violate 35 U.S.C. § 271 (a), (b), (c), and (f).  Specifically, International Checkout has continued to make, use, sell, and offer to sell products that infringe the claims of the '020 Patent.  International Checkout also continues to contribute to and induce infringement by others, without a license under the '020 Patent.

37. International Checkout's acts of infringement are irreparably harming and causing damage to DE Technologies.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

A.      Plaintiff seeks a declaration that the Defendants has infringed and continue to infringe United States Patent No. 6,460,020.

B.      Plaintiff seeks an award of damages arising out of Defendants' infringement of United States Patent No. 6,460,020, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof.

C.      Plaintiff seeks an award of their attorney fees, costs, and expenses pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

D.      Plaintiff seeks an order permanently enjoining the Defendants and their respective officers, agents, employees and those acting in privity with them, from further infringement of United States Patent No. 6,460,020.

E.      Plaintiff seeks such other and further relief as the Court may deem just and proper.

DATED:  April 23, 2010

Respectfully submitted,

/s/ Edward W. Goldstein
Edward W. Goldstein – Lead Attorney
Texas Bar No. 08099500
Stephen F. Schlather
Texas Bar No. 24007993
GOLDSTEIN, FAUCETT & PREBEG L.L.P
1177 West Loop South, Suite 400
Houston, Texas  77027
(713) 877-1515 – Telephone
(713) 877-1737 – Facsimile

*ATTORNEYS FOR PLAINTIFF*