CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 02 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DE TECHNOLOGIES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 7:11-cv-00183-gec |
| | ) |
| IShopUSA, INC., and | ) |
| INTERNATIONAL CHECKOUT, INC., | ) |
| | ) |
| Defendants. | ) |

## SCHEDULING ORDER

After consultation with counsel at a scheduling conference held on July 8, 2011, the following is the scheduling ORDER of the Court pursuant to Federal Rule of Civil Procedure 16(b):

(1) The court may amend the order on its own motion or the parties may amend its disclosure and discovery provisions by submitting an agreed written plan that satisfies the requirements of Rule 26(f).

(2) This case is scheduled to be tried before a jury beginning on November 5, 2012 at 9:30 a.m. The trial is expected to last one to two weeks. The place of trial will be the United States District Court in the Federal Courthouse at 210 Franklin Road, SW, Roanoke, VA 24011 (subject to further Order of the Court as to location).

(3) Plaintiff has moved for leave of Court to file an Amended Complaint, and that pleading is to be filed with the Court on or before July 25, 2011. Defendants will have until August 31, 2011, to file responsive pleadings to Plaintiff's Amended Complaint.

(4) On or before October 14, 2011, all parties will simultaneously file legal memoranda with the Court as to the legal effect of the Court's rulings in the earlier case of *DE*

*Technologies v. Dell Computer Company* (Docket No. 7:04-CV-00628). Reply memoranda may be filed on or before October 28, 2011.

(5) Oral argument as to the legal effect of the Court's prior rulings will be held on November 18, 2011, at 2:00 p.m.

(6) The Markman hearing will be held on May 1 and May 2, 2012.

(7) The Court reserves the right to refer this case to Mediation any time after the Court has made its rulings as to the interpretation of claims.

(8) All parties shall make their Initial Disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure within 30 days from entry of this ORDER.

(9) The discovery deadline shall be September 14, 2012.

(10) The deadline for filing dispositive motions is October 1, 2012, and all responses will be filed on or before October 15, 2012. Hearings on all such motions will be held on dates to be determined by the Court at least 10 days before trial.

(11) At the request of any party, the court will conduct a final pretrial conference before trial.

(12) Proposed jury instructions and special interrogatories must be submitted to the court at last seven (7) days prior to trial, with copies provided to opposing counsel at least fourteen (14) days prior to trial.

(13) Issues of liability and damages may, in the discretion of the Court, be bifurcated. If bifurcated, the same jury will hear both issues.

(14) If the case settles prior to trial and the court does not receive the proposed final Order within 30 days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice without further notice.

(15) A motion to dismiss included in an answer will not be considered and will be summarily denied. Such motions must be filed by way of an independent pleading, supported by legal authority.

(16) A supporting brief must accompany all pretrial motions, except unopposed motions and motions for continuance, unless the motion contains the legal argument necessary to support it. If any motion is opposed, a brief in opposition must be filed within 14 days of the service of movant's brief. Except for good cause shown, if a brief opposing a motion is not timely filed, the Court will consider the motion to be unopposed. If the moving party desires to submit a reply brief, it must be filed within 7 days of the date of service of the brief opposing the motion.

(17) If any party desires a hearing on a motion, the hearing may be scheduled with the Court before or after the filing of the motion, but must be scheduled promptly following the filing of the last brief, or the court will consider the motion to be submitted for decision without hearing. In any event, if within 45 days of filing of any dispositive or non-dispositive pretrial motion, the moving party has not brought the motion on for hearing or advised the Court that the motion is ripe for decision, the motion will be deemed denied without further notice or order of this Court, and the Court will not entertain a renewed motion on the same issue, except for good cause.

(18) If a motion is unopposed and the moving party certifies such fact in the motion, no brief need be filed, nor response made to the motion. Non-dispositive motions, including

motions for enlargement of time, whether or not opposed, may be acted upon at any time by the Court, without awaiting a response, and any party adversely affected by such action may request reconsideration, vacation, or modification.

(19) Any motion to join other parties and to amend the pleadings must be filed prior to the cutoff day for discovery.

(20) All non-dispositive pretrial motions and issues, including any requested changes in this ORDER are hereby referred to United States Magistrate Judge Pamela Sargent pursuant to 28 U.S.C. 636(b)(1)(A). All discovery disputes are also referred to United States Magistrate Judge Sargent. All motions pertaining to the admissibility of evidence, including motions in limine and motions as to the qualification of experts, shall be directed to the presiding district judge.

(21) Unless the parties stipulate otherwise, they must confer within a reasonable time and develop a discovery plan as required by Rule 26(f) and make initial disclosures as required by Rule 26(a)(1).

(22) All written discovery shall be served in sufficient time to allow the responding party time to respond before the cutoff date for discovery, which the parties agree is 30 days before said cutoff date.

(23) Except for disclosures under Rule 26(a)(3) of trial witnesses and exhibits, which must be filed, the parties are not to file discovery or disclosure material unless and until actually used in the proceeding.

## Claim Construction Procedure

(24) The parties shall exchange claim charts identifying claim terms in need of construction and each party's proposed construction of the terms on or before September 30,

2011, which shall include (1) which claims Plaintiff alleges are being infringed, (2) which specific products or methods Plaintiff alleges literally infringe each claim, and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present (literally present, or present under the doctrine of equivalents, or both).

(25) The parties shall confer and identify formally the claims in dispute on or before October 15, 2011.

(26) DE Technologies shall file an opening claim construction brief on or before December 16, 2011, which shall include a definition of the disputed claim, terms of the relevant claims, along with a memorandum explaining how the intrinsic evidence (claims, specification, and prosecution history) of the relevant patent-in-suit supports that interpretation. If either side claims that it also intends to rely on extrinsic evidence, it shall:

(a) explain why extrinsic evidence is necessary;

(b) explain the extrinsic evidence it intends to offer; and

(c) if the extrinsic evidence is testimony, submit such testimony, including expert testimony, if any, to the court in the form of an affidavit.

(27) Defendants shall file a claim construction brief on or before January 16, 2012 and include the aforementioned in same.

(28) DE Technologies may file a reply brief on or before February 17, 2012.

(29) The opening claim construction statements shall not exceed thirty (30) pages and the responses shall not exceed thirty (30) pages, excluding the caption page, the table of contents, the table of authorities, certificate of service, affidavits and supporting documentation.

19097/1/5553938v1

(30) Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirement of Rule 26(a)(2)(B). Parties shall designate their experts on or before June 1, 2012.

(31) With respect to expert witnesses who are not retained or specially employed to provide expert testimony or whose duties as an employee of the party do not regularly involve giving expert testimony, such as a treating physician, or other person who may qualify as both an expert and a fact witness, the party, who bears the burden of proof on an issue, must disclose the identity of any such witnesses on or before June 1, 2012, and provide a summary of all opinions the witness will render and the basis therefore not later than June 1, 2012. Designation of expert witnesses who are not retained or specifically employed to provide expert testimony or whose duties as an employee of the party do not regularly involve giving expert testimony experts shall provide rebuttal reports on June 29, 2012.

(32) Any motion to exclude the testimony of an expert based on the sufficiency or the reliability of the expert's testimony must be filed no later than the deadline for filing motions for dispositive motions.

(33) If this case is referred to Mediation, that process shall proceed independently of all other pretrial development. Mediation of the case shall not operate so as to modify or stay the scheduling provisions of any pretrial order, except upon demonstration of exceptional cause.

Enter: This 2<sup>d</sup> day of August, 2011

_____
United States District Judge

19097/1/5553938v1

Seen and agreed:


_____/s/ William B. Poff_____
Counsel for Plaintiff


_____/s/ Arthur P. Strickland_____
Counsel for Defendant,
IShopUSA, Inc.


_____/s/ William R. Rakes_____
Counsel for Defendant,
International Checkout, Inc.

7