IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DE TECHNOLOGIES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:11-cv-00183-gec |
| ) | |
| IShopUSA, INC., and ) | |
| INTERNATIONAL CHECKOUT, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT INTERNATIONAL CHECKOUT, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL AND INTERNATIONAL CHECKOUT'S COUNTERCLAIMS**

Defendant International Checkout, Inc. ("International Checkout") files this its Answer and Counterclaims to Plaintiff DE Technologies, Inc.'s ("DE") *Amended Complaint and Demand for Jury Trial* (the "Complaint"). International Checkout admits, denies and avers as follows:

### I. ANSWER

1. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

2. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

3. Admitted.

4. International Checkout admits that Plaintiff alleges a cause of action for patent infringement under the Patent Laws of the United States. International Checkout admits that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), and

that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). International Checkout denies the remainder of the allegations, if any, of paragraph 4 of the Amended Complaint.

5. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

6. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

7. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

8. International Checkout admits that, according to the face of U.S. Patent Application No. 08/999,297 ("the 297 application"), it is a non-provisional patent application filed on December 29, 1991, entitled "Universal Shopping Center for International Operation," naming Ed Pool and Doug Mauer as inventors. International Checkout admits that a copy of the '020 patent is attached to the Amended Complaint as Exhibit A. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies such allegations.

9. International Checkout admits that, according to the face of U.S. Patent Application No. 09/606,391 ("the 391 application"), it is a non-provisional patent application filed on June 29, 2000, naming Ed Pool and Doug Mauer as inventors. International Checkout admits that a copy of the '364 patent is attached to the Amended Complaint as Exhibit B. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies such allegations.

10. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

11. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

12. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

13. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

14. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

15. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

16. International Checkout is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies such allegations.

17. International Checkout denies the allegations of paragraph 17 as they relate to it.

18. The allegations contained in paragraph 18 do not relate to International Checkout and no response is required.

19. The allegations contained in paragraph 19 do not relate to International Checkout and no response is required.

20. The allegations contained in paragraph 20 do not relate to International Checkout and no response is required.

21. The allegations contained in paragraph 21 do not relate to International Checkout and no response is required.

19097/1/5561009v1

22. Defendant admits that its website states as follows:

> "International Checkout's integrated solution enables consumers worldwide to browse and add items to the shopping cart directly on the merchant's website. With the click of an "International Checkout" button, the contents of the cart are seamlessly transferred to the AJAX-driven single page checkout for the most streamlined level of performance and maximum conversion rate. Customers receive real time price quotes in their local currency and the option to include duties and taxes at a guaranteed rate. The International Checkout purchasing team places orders on behalf of the international customers directly on the merchant's website, following the merchant's normal domestic checkout procedures and paying via US credit card. Upon arrival at the International Checkout facility, each order is inspected, packed, and shipped to the customer's doorstep, via FedEx or UPS, traceable and insured, anywhere in the world."

All other allegations in said paragraph are denied.

23. Denied.

24. Denied.

25. Denied.

26. International Checkout denies that Plaintiff is entitled to any of the relief sought in its "Prayer for Relief."

## II.   DEFENSES

27. The '020 and '364 patents are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

28. The '020 and '364 patents are invalid as anticipated and obvious in view of the prior art pursuant to 35 U.S.C. §§ 102 and 103.

29. Claims 13-15 and 17 of the '020 Patent have been adjudicated to be invalid for indefiniteness by Order and Memorandum Opinion of this Court, dated May 10, 2006, in the

4

case of <u>DE Technologies, Inc. v. Dell, Inc.</u>, Civil Action No. 7:04-cv-00628. The Order is final, not having been appealed, modified or vacated, and under the principles of <u>res judicata</u> and collateral estoppel preclude consideration of any claims relating to Claims 13-15 and 17 of the '020 Patent.

30. Plaintiff's claims against International Checkout based on the '020 patent are barred by the doctrine of laches.

31. International Checkout has not infringed any valid claim, if any, of the '020 and '364 patents.

32. Plaintiff is estopped from asserting infringement under the doctrine of equivalents because of amendments and arguments made to the United States Patent and Trademark Office to secure the allowance of the claims of the '020 and '364 patents. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with this suit.

33. International Checkout hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

### III.   COUNTERCLAIMS

#### Parties

34. Counterclaimant International Checkout is a corporation organized under the laws of the State of Delaware, with its principal place of business at 7950 Woodley Avenue, Unit C, Van Nuys, California 91406.

35. On information and belief, and based on the allegation in paragraph 1 of the Amended Complaint, counterclaim defendant DE Technologies, Inc. ("DE") is a corporation, organized under the laws of the State of Delaware, with places of business at 1715 Pratt Drive,

Suite 3500, Blacksburg, Virginia   24064; 11921 Freedom Drive, Suite 550, Reston, Virginia 20190; and 2332 Marie-Victorin Boulevard, Longueuil, Quebec J4G 1B4, Canada.

### Jurisdiction and Venue

36.     The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 et seq., concerning actions related to patents, and 28 U.S.C. § 1338.

37.     Venue is proper in this Court under 28 U.S.C. § 1391(c) and § 1400(b).

### Count One – Declaratory Relief Regarding Non-Infringement

38.     Based on DE's filing of its suit and International Checkout's denials and affirmative defenses, an actual controversy has arisen and now exists between the parties as to whether or not International Checkout has directly and/or indirectly infringed any valid claim of the '020 and '364 patents.

39.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., International Checkout requests a declaration from the Court that International Checkout has not infringed any valid claim of the '020 and '364 patents, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

### Count Two – Declaratory Relief Regarding Invalidity

40.     Based on DE's filing of its suit and International Checkout's affirmative defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '020 and '364 patents.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., International Checkout requests a declaration from the Court that each of the claims of the '020

and '364 patents are invalid because they fail to comply with the provisions of the patent laws, 35 U.S.C. § 100 et seq., including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Count Three – Declaratory Relief Regarding Laches

42. Based on DE's filing of its suit and International Checkout's affirmative defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '020 and '364 patents.

43. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., International Checkout requests a declaration from the Court that each of Plaintiff's claims against International Checkout based on the '020 patent are barred by the doctrine of laches.

### IV. EXCEPTIONAL CASE

44. This is an exceptional case under 35 U.S.C. § 285 and, as such, International Checkout is entitled to recover from the Plaintiff International Checkout's attorneys' fees and costs incurred in connection with this action.

### V. DEMAND FOR JURY

45. Pursuant to FED. R. CIV. P. 28, International Checkout hereby demands a trial by jury as to all fact issues in this lawsuit.

### PRAYER

International Checkout prays that:

(a) Plaintiff's Complaint against International Checkout be dismissed, with prejudice, and that a take-nothing judgment be entered in favor of International Checkout;

7

19097/1/5561009v1

(b) Judgment be entered in favor of International Checkout declaring that each of the claims of the '020 and '364 patents is invalid and that International Checkout has not infringed any claim of these patents, either literally or under the doctrine of equivalents.

(c) Judgment be entered in favor of International Checkout declaring that Plaintiff's claims against International Checkout based on the '020 patent are barred by the doctrine of laches.

(d) Judgment be entered in favor of International Checkout and against the Plaintiff that this is an exceptional case and awarding International Checkout its attorneys' fees and costs under 35 U.S.C. § 285; and

(e) International Checkout be awarded any such other and further relief as is just and proper.

Date: August 31, 2011                    INTERNATIONAL CHECKOUT, INC.

                                         By its attorneys,

                                         /s/ William R. Rakes
                                         William R. Rakes
                                         Virginia State Bar No. 3481
                                         rakes@gentrylocke.com
                                         GENTRY LOCKE RAKES & MOORE, LLP
                                         800 SunTrust Plaza
                                         10 Franklin Road, S.E.
                                         P. O. Box 40013
                                         Roanoke, VA 24022-0013
                                         (540) 983-9374

Patrick A. Fraioli, Jr.
California State Bar No. 191824
pfraioli@ecjlaw.com
Russell M. Selmont
California State Bar No. 252522
rselmont@ecjlaw.com
ERVIN COHEN & JESSUP LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212-2974
(310) 273-6333

Michael P. Adams
Texas State Bar No. 00872050
madams@winstead.com
WINSTEAD, P.C.
401 Congress Avenue
Austin, TX 78701
(512) 370-2858

*Counsel for Defendant,*
*International Checkout, Inc.*


CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2011, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William B. Poff, Esq.
WOODS ROGERS, PLC
10 S Jefferson Street, Ste. 1400
P. O. Box 14125
Roanoke, VA 24038-4125

Arthur P. Strickland, Esq.
STRICKLAND DIVINEY & STRELKA
23 Franklin Road, S.W.
P. O. Box 2866
Roanoke, VA 24001-2866

Patrick A. Fraioli, Jr., Esq.
ERVIN COHEN & JESSUP, LLP
9401 Wilshire Blvd., Ninth Floor
Beverly Hills, CA   90212-2974
California State Bar No. 191824

Michael P. Adams, Esq.
WINSTEAD, P.C.
401 Congress Avenue
Austin, TX   78701

Russell M. Selmont, Esq.
ERVIN COHEN & JESSUP, LLP
9401 Wilshire Blvd., Ninth Floor
Beverly Hills, CA   90212-2974

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Holly H. Barnes, Esq.
Edward W. Goldstein, Esq.
GOLDSTEIN & VOWELL, LLP
1177 West Loop South, Ste. 400
Houston, TX   77027

John J. Edmonds, Esq.
Stephen F. Schlather, Esq.
COLLINS EDMONDS & POGORZELSKI, PLLC
1616 S. Voss, Suite 125
Houston, TX   77057

*Counsel for Plaintiff*

Randall T. Garteiser, Esq.
Michael Adelsheim, Esq.
Chris Honea, Esq.
Christopher S. Johns, Esq.
GARTEISER LAW GROUP, PC
44 N. San Pedro Road
San Rafael, CA   94903

*Counsel for Co-defendant,*
*IShop, USA, Inc.*

/s/ William R. Rakes

10

19097/1/5561009v1