CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 1 2011

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DE TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:11CV00183 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ISHOPUSA, INC., et al., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendants. ) | |

DE Technologies, Inc. ("DE") filed this patent infringement action, alleging that defendants IShopUSA, Inc. ("IShop") and International Checkout, Inc. ("IC") implemented the technology claimed by DE in U.S. Patent No. 6,460,020 ("the '020 Patent") and U.S. Patent No. 6,845,364 ("the '364 Patent"). The court previously construed the claims of the same patents in an infringement action filed by DE against Dell, Inc. DE Techs., Inc. v. Dell, Inc., No. 7:04CV00628 (W.D. Va.). The case is presently before the court for consideration of the legal effect of the court's rulings in the earlier infringement action.

## Background

DE is a Delaware corporation based in Blacksburg, Virginia. The company "was established to develop, test, and later sell . . . a computer system to conduct international commercial transactions for the selling and purchase of goods over the Internet, Intranet, and other computer-to-computer systems." (Am. Compl. at 2-3). Both of its patents, the '020 Patent and the '364 Patent, are "directed to the facilitation of international purchasing of goods over the internet/intranet, addressing all aspects of such transactions." (Am. Compl. Exs. A & B).

In October of 2004, DE filed a patent infringement action against Dell, Inc. ("Dell") in the Western District of Virginia, alleging that Dell infringed the '020 Patent and the '364 Patent.

The case was assigned to the undersigned district judge and, after three years of pretrial proceedings, the case settled prior to trial.

Before DE and Dell entered into their settlement agreement, the court issued a number of rulings. On February 14, 2006, following a Markman[1] hearing, the court issued a claim construction opinion and order, construing the disputed terms of the '020 and '364 Patents. DE Techs., Inc. v. Dell, Inc., No. 7:04CV00628, 2006 U.S. Dist. LEXIS 5459, at *5-35 (W.D. Va. Feb. 14, 2006). Three months later, the court granted Dell's motion for partial summary judgment of invalidity, concluding that claims 13 through 15 and 17 of the '020 Patent are indefinite as a matter of law. DE Techs., Inc. v. Dell, Inc., 428 F. Supp. 2d 512, 522 (W.D. Va. 2006). Thereafter, DE and Dell filed additional motions for summary judgment. By opinion and order entered April 9, 2007, DE's motions were denied and Dell's motions were granted in part and denied in part. DE Techs., Inc. v. Dell, Inc., No. 7:04CV00628, 2007 U.S. Dist. LEXIS 27157, at *110 (W.D. Va. Apr. 9, 2007).

Neither DE nor Dell asked to have the court's rulings withdrawn as part of their settlement. However, the final order, prepared by the parties, provided that all of the previous orders in the case, including the court's claim construction rulings and the court's rulings on partial summary judgment, "were not final, were interlocutory in nature and were subject to further revision by this Court at any time prior to entry of final judgment."

---

[1] Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996).

2

On April 23, 2010, DE filed the instant action for patent infringement against IShop, IC, and two other defendants in the Eastern District of Texas.[2] After the action was filed, IShop and IC moved to transfer it to this district. On March 24, 2011, the motion was granted, and the case was transferred to the undersigned district judge.

At the request of the court, and in accordance with the scheduling order entered on August 2, 2011, the parties submitted cross-briefs regarding the legal effect of the court's rulings in the earlier patent case. The court held a hearing on the issue on November 18, 2011.

## Discussion

In their respective briefs, DE and the defendants focus on two opinions in the previous patent case: (1) the court's ruling on partial summary judgment that claims 13 through 15 and 17 of the '020 Patent are invalid; and (2) the court's Markman rulings regarding the proper interpretation of disputed claims from the '020 and '364 Patents.

### I. The Court's Invalidity Finding as to Claims 13-15 and 17 of the '020 Patent

As noted above, the court ruled on partial summary judgment in the previous case that Claims 13 through 15 and 17 of the '020 Patent are indefinite as a matter of law and, thus, invalid. While the defendants ask the court to determine what preclusive effect, if any, the court's partial summary judgment order has on the current proceedings, the court declines to do so at this time. As the defendants acknowledge in their briefs, it is undisputed that, in the instant action, DE has not asserted any of the claims that were the subject of the court's invalidity ruling. Consequently, unless and until DE attempts to assert Claims 13, 14, 15, or 17, the court will

---

[2] The other defendants, E4X, Inc. and FiftyOne, Inc., were voluntarily dismissed from the case on January 3, 2011.

refrain from ruling on the legal effect of the court's partial summary judgment order in the previous case. See, e.g., Jackson v. Jackson, 857 F.2d 951, 956 n.1 (4th Cir. 1988) ("When a controversy has yet to arise, but might arise in the future, the court may not issue an opinion on the potential controversy because that controversy is not yet 'ripe' for adjudication.").

## II.     The Court's Claim Construction Rulings

According to the parties' briefs, DE has identified three patent terms requiring construction: "selecting language from a menu"; "selecting a currency from a menu"; and "international shipping information." Each of these terms was construed in the court's Markman opinion in the previous action. DE Techs., Inc. v. Dell, Inc., No. 7:04CV00628, 2006 U.S. Dist. LEXIS 5459, at *14-21 (W.D. Va. Feb. 14, 2006). Shortly after the Markman opinion was issued, DE moved for reconsideration of the court's construction of "selecting a language from a menu" and "selecting a currency from a menu." DE also asked the court to clarify its construction of "international shipping information." By opinion and order entered March 21, 2006, the court denied DE's motion for reconsideration and granted its request for clarification. In so doing, the court slightly modified its construction of the phrase "international shipping information" to address the concerns raised by DE. DE Techs., Inc. v. Dell, Inc., No. 7:04CV00628, 2006 U.S. Dist. LEXIS 11603, at *6-7 (W.D. Va. Mar. 21, 2006).

The defendants contend that the court's prior Markman rulings should be given preclusive effect, and that the doctrine of collateral estoppel bars DE from relitigating the terms' appropriate construction. In response, DE argues that the claim construction order was not a "final judgment" to which collateral estoppel could apply and, thus, that the court's prior

Markman rulings are not entitled to preclusive effect. See Kloth v. Microsoft Corp., 355 F.3d 322, 326 (4th Cir. 2004) ("To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.").

As both sides recognize in their respective briefs, "there is an ongoing debate as to the preclusive effects of a Markman ruling." Powervip, Inc. v. Static Control Components, Inc., No. 1:08CV00382, 2011 U.S. Dist. LEXIS 72328, at *9 (W.D. Mich. July 6, 2011). "With little guidance from the Federal Circuit on the issue, district courts have split on whether a Markman claim construction ruling has preclusive effects in subsequent litigation involving the same patent, especially where the prior litigation settled before a final judgment was entered, the ruling has otherwise yet to be applied in a final judgment regarding infringement or validity, or where the ruling has not undergone Federal Circuit review." Id. (internal citations omitted); see also Parker-Hannifin Corp. v. Baldwin Filters, Inc., 724 F. Supp. 2d 810, 815 (N.D. Ohio 2010) (noting that "there is a split in circuits on this issue") (internal citations omitted). While some district courts have held that prior Markman rulings were "sufficiently 'final' to merit application of collateral estoppel – even though the matter to which they were necessary was never reduced to a final judgment after verdict," TM Patents, L.P. v. Int'l Bus. Machs. Corp., 72 F. Supp. 2d 370, 377 (S.D.N.Y. 1999), others, including another judge in this district, have reached the

5

opposite conclusion on similar facts. See Kollmorgen Corp. v. Yaskawa Elec. Corp., 147 F. Supp. 2d 464, 466-470 (W.D. Va. 2001) (Turk, J.) (holding that the doctrine of collateral estoppel did not apply, and that a patentee was not bound by a claim construction order issued in a previous case against a different defendant in which the parties settled after the Markman ruling, but before the jury returned a verdict on the ultimate issue of infringement).

Having considered the parties' arguments, the applicable case law, and the particular circumstances of this case, the court declines to apply the doctrine of collateral estoppel to the court's prior Markman rulings. Instead, the court holds, as have other district courts faced with this issue, that while not entitled to preclusive effect, the prior Markman rulings will be given "deferential treatment unless clearly erroneous." Parker-Hannifin Corp., 724 F. Supp. 2d at 816; see also Sears Petroleum & Transp. Corp. v. Archer Daniels Midland Co., No. 5:03CV01120, 2007 U.S. Dist. LEXIS 53576, at *24 (N.D.N.Y. July 24, 2007) (emphasizing that "considerable deference" should be given to a court's prior claim construction rulings "unless overruled or undermined by subsequent legal developments, including intervening case law"). Thus, absent a showing by DE that the court's original construction of a disputed term was incorrect as a matter of law, the court will apply its prior Markman rulings in the instant action.

The court is convinced that this standard appropriately balances two important interests – fairness to all litigants, and consistency in the construction of patent claims. The standard recognizes the "importance of uniformity in the treatment of a given patent." Markman, 517 U.S. at 390. After all, once claim construction rulings are rendered, following a detailed and studied analysis, it is only reasonable to expect that the rulings will carry some precedential value. On the other hand, the court should not be so intransigent as to ignore persuasive

arguments establishing the existence of clear error in an earlier claim construction. Thus, unless plaintiff sustains this difficult burden of persuasion, the court will defer to its earlier rulings.

The Clerk is directed to send certified copies of this memorandum opinion to all counsel of record.

ENTER: This 1st day of December, 2011.

/s/ Glen Conrad
Chief United States District Judge